(47 South. 761.)

No. 17,176.

GATES v. UNION SAWMILL CO.

(Dec. 14, 1908.)

MALICIOUS PROSECUTION (§ 21*)—PROBABLE CAUSE—ADVICE OF COUNSEL.

Where a sawmill company holding a recorded title to growing timber on a certain tract of land, derived through mesne conveyance from the owner thereof, discovered that third persons were cutting and removing the trees from the premises, and thereupon under advice of counsel caused them to be prosecuted under Act No. 103, p. 156, of 1902, for trespass, and the prosecution was subsequently dismissed because of the death of the only state witness having knowledge of the facts, and thereafter one of the accused sued the company for damages for a malicious prosecution, *held,* that the prosecution was based on probable cause, notwithstanding the fact, of which the company had no knowledge, that the owner of the land had authorized the spoliation of the timber.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 41–44; Dec. Dig. § 21.*]

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Union; Robert Brooks Dawkins, Judge.

Action by H. E. Gates against the Union Sawmill Company. Judgment for plaintiff, and defendant appeals. Reversed, and suit dismissed.

Lamkin, Millsaps & Dawkins, for appellant. Elder & Moore, for appellee.

LAND, J. Plaintiff instituted this suit, in behalf of his minor son, William Gates, to recover damages for an alleged malicious prosecution by the defendant's agents of his said son for trespass on certain timbered lands.

The defense is want of malice and the existence of probable cause for the prosecution. There was a verdict in favor of the plaintiff for $1,000, actual damages, and the defendant has appealed from the judgment rendered pursuant to the award of the jury.

A bill of information was filed by the district attorney for the parish of Union against Hardy Hall, Bill Gates, and Bob Murry, charging that they did willfully and feloniously cut and remove trees growing on the land of Mrs. S. J. Hendrick without the consent of the owner or actual possessor thereof, contrary to the form of the statute. The information was based on affidavit made by J. T. Pardue, agent of the defendant. William Gates was arrested, and released on bond after he had been incarcerated for two hours in the parish jail. Pardue, the sole witness for the state, died, and for this reason the prosecution was dismissed on motion of the district attorney.

Mrs. Hendrick in 1902 executed an instrument purporting to grant, bargain, and sell to one McShane all of the merchantable white oak, cypress, and pine timber on the land described in the information on certain terms and conditions. In 1903, McShane conveyed this "timber contract" (so called) to Ragan and others, who in turn sold all the timber on this specific tract of land to the Pine Hill Lumber Company, which in 1906 deeded the same to the defendant company.

J. T. Pardue was employed by defendant to look after trespasses on the timber of the company in the parish of Union, and for this purpose was furnished with a plat indicating its timber holdings in that section. The three parties named in the information were cutting and hauling timber from the tract of land described in the deed from Mrs. Hendrick to McShane, and, on discovering this fact, Pardue reported the matter to the officers of the company at Monroe. Upon the advice of counsel, Pardue proceeded to Farmerville and made affidavit, and thereupon the district attorney prepared and filed the information as already stated.

It appears that Mrs. Hendrick gave Hardy Hall, her son-in-law, verbal permission to get timber on the land in question. Hall took one Weeks in as a partner, and Wm. Gates, a young man of the age of 18 years, and Bob Murry, were hired to assist in the hauling. While engaged cutting and hauling the timber, Hall, Gates, and Murry were arrested.

It does not appear that Pardue or any officer or agent of the defendant company had notice or knowledge that Mrs. Hendrick had consented to the cutting and removal of the timber. This fact was known only to Mrs. Hendrick and her son-in-law. William Gates knew nothing about this consent or the ownership of the timber.

The defendant company had a title translative of property to the timber on the land in question derived from the Pine Hill Lumber Company, which had a similar title from Ragan and others. The defendant company had been advised by counsel that the McShane title was valid. Pardue acted under the advice of counsel in making the affidavit on which the information was based. The company had reasonable grounds to believe that it had a valid title to the timber, and knew that trees had been cut and removed by third persons from the premises. As already stated, the company's agents had no reason to believe that Mrs. Hendrick had authorized the apparent trespass.

"Probable cause is a state of mind, in this, that the facts are regarded from the point of view of the prosecutor. The question is not what the actual facts were, but what he had reason to believe they were." 26 Cyc. 24.

Probable cause means—

"reasonable grounds of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the accused is guilty of the offense with which he is charged." Id.

The discharge of the accused without investigation into the merits, because of the death of the prosecuting witness, is no evidence of want of probable cause. 26 Cyc. 42, 43.

Act No. 103, p. 156, of 1902, was intended to protect owners of timber on the land of another, as well as owners of both land and timber. The offense denounced in the statute is the cutting, destroying, or removal of trees growing on the land of another without the consent of the owner or actual possessor thereof. Where the timber has been sold apart from the land, the purchaser is the owner thereof in the sense of the statute. In such a case, the owner of the naked land has no legal right to license a trespass on the timber. Act No. 188, p. 420, of 1904, provides:

"That standing timber shall remain an immovable, and be subject to all the laws of the state on the subject of immovable even when separated in ownership from the land on which it stands."

It follows that a purchaser of standing timber acquires a real right which cannot be divested at will by the owner of the land on which the trees are growing. The question at bar is not whether Mrs. Hendrick could have been prosecuted for cutting and removing the trees on her land, nor whether her consent would have purged the offense charged in the information, but whether the defendant company had probable cause for the institution of the prosecution. We think that there was probable cause, as it was impossible for the agents of the company to have known that Mrs. Hendrick had secretly instigated the trespass. It is unnecessary to decide in this case whether the mere verbal permission of the owner would constitute a defense to a criminal prosecution for trespass on timber which had been transferred to a third person by deed of record.

The judgment and verdict are therefore reversed, and plaintiff's suit is dismissed with costs.